REQUESTED BY: Michael J. Owens Hamilton County Attorney
Is the child of one to whom the deceased stood in the acknowledged relationship of a parent, as described by Neb.Rev.Stat. § 77-2004 (Supp. 1982) entitled to the exemption provided for in that section, and the computation of the tax at the rate of one percent upon the taxable inheritance?
No.
In your letter of October 5, 1983, you ask whether the child of one `to whom the deceased stood in the acknowledged relationship of a parent,' as contemplated by Neb.Rev.Stat. § 77-2004 (Supp. 1982) qualifies for the ten thousand dollar exemption and one percent tax rate specified by that section. We conclude that he or she does not.
We believe it is clear that establishing `the acknowledged relationship of parent' for not less than ten years prior to death, as provided by § 77-2004 is not the equivalent to adoption under the provisions of Neb.Rev.Stat. § 43-101
to 43-118 (Reissue 1978). Section 43-110 provides, as to adopted children, that after a decree of adoption is entered, the usual relation of parent and child and all the rights, duties, and other legal consequences of the natural relation of child and parent shall thereafter exist between such adopted child and the person or persons adopting said child and his, her, or their kindred. Nowhere do we find a comparable provision with respect to the class of children to whom the deceased stood in the acknowledged relation of parent, created by § 77-2004.
Section 77-2006 provides for the exemptions from inheritance tax for nonrelatives of the deceased, and also for the rate of tax. Section 77-2004 provides for an increased exemption and lower rate of tax for the persons specified therein. The normal rule with respect to exemptions, that statutes exempting property and legacies from taxation are to be strictly construed applies. See, Wondrav. Platte Valley Bank and Trust Company, 194 Neb. 41,230 N.W.2d 182 (1975) and Todd v. County of Box Butte,169 Neb. 311, 99 N.W.2d 245 (1959).
Obviously, the child of one to whom the deceased stood in the acknowledged relation of a parent is not specifically mentioned in § 77-2004. Such child is not a lineal descendant of the deceased born in lawful wedlock, nor a lineal descendant legally adopted as such in conformity with the laws of the state where adopted. The provision dealing with persons to whom the deceased stood in the acknowledged relation of a parent includes within its ambit only the person and his or her spouse or surviving spouse. No mention is made of the issue of such person. We therefore conclude that such issue did not qualify for the treatment specified by 77-2004.
Very truly yours, PAUL L. DOUGLAS Attorney General Ralph H. Gillan Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General